

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
. ATTORNEY GENERAL

April 19, 1939

Honorable John C. Marburger
County Attorney, Fayette County
La Grange, Texas

Dear Sir:

> Opinion No. 0-887
> Re: Is the Fayette Electric Co-
> Operative, Inc., which is
> incorporated under Article
> 1528b, R. C. S., subject to
> taxation by the state, county,
> school districts, etc., under
> Article VIII, Section 2 of
> the Constitution of Texas?

Your letter of April 3, 1939, addressed to the Honorable Gerald C. Mann, wherein you request an opinion on the above question has received our careful consideration. The citation of authorities given in your letter has been most helpful.

You state that the Fayette Electric Co-Operative, Inc. is incorporated under the provisions of Article 1528b of the Revised Civil Statutes of Texas, the same being Acts 1937, Forty-fifth Legislature, P. 161, Ch. 86.

Section 3 of said Article 1528-b enumerates the purposes for which corporations may be organized under the Act and reads as follows:

> "Sec. 3. Cooperative, non-profit membership corporations may be organized under this Act for the purpose of engaging in rural electrification by any one or more of the following methods:
>
> (1) The furnishing of electric energy to persons in rural areas who are not receiving central station service;
>
> (2) Assisting in the wiring of the premises of persons in rural areas or the acquisition, supply,

or installation of electrical or plumbing equipment therein;

(3) The furnishing of electric energy, wiring facilities, electrical or plumbing equipment, or services to any other corporations organized under this Act or to the members thereof."

Section 30 of the Act provides:

"Corporations formed hereunder shall pay annually, on or before May first to the Secretary of State, a license fee of Ten Dollars ($10) and such corporations shall be exempt from all other excise taxes of whatsoever kind or nature".

In determining whether a corporation organized under said Article 1528-b, R.C.S. is subject to taxation, we shall refer to the following provisions of the Constitution of Texas:

Article VIII, Section 1. "Taxation shall be equal and uniform. All property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. * * *"

Article VIII, Section 2, as amended in 1928. "All occupation taxes shall be equal and uniform upon the same class of subjects within the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; * * * (certain specific exemptions are then enumerated including churches, schools and Y. M. C. A's.) * * * and all laws exempting property from taxation other than the property above mentioned shall be null and void."

Article XI, Section 9. "The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt

from forced sale and from taxation. * * *"

In a conference opinion of this department, dated September 26, 1932, and addressed to the Honorable James V. Allred, Attorney General, it was held that the club house of the Texas Federation of Womens' Clubs in Austin was not exempt from taxation by the state, city, county and school district, although the building was used partly, though not solely, for educational and charitable purposes. We quote from that opinion:

"Be it remembered that the Constitution does not exempt any property from taxation. In Sec. 2 of Article VIII in express terms, the Constitution authorizes the Legislature, by general laws, to exempt from taxation certain property sought to be defined and described in said Section."

Applying this reasoning to the question at hand -- we have been unable to find any statute which indicates an intention on the part of the legislature specifically to exempt from taxation the rural electrification corporations incorporated under Article 1528-h, unless it be Section 30 thereof (quoted above), which provides an annual license fee of $10.00, and says that they "shall be exempt from all other excise taxes of whatever kind or nature." This express exemption as to excise taxes cannot possibly be construed so as to cover ad valorem taxes of the state, county, or school districts. Tax exemptions have always been strictly construed.

"Burden is on the person claiming exemption from taxation to clearly prove it. * * *. Exemptions from taxation are not favored, and, the law allowing them, should be given strict interpretation" -- Benevolent and Protective Order of the Elks vs. City of Houston, 44 S.W. (2d) 488.

"Exemptions from taxation are in derogation not only of sovereign authority, but of common rights * * *. Exemptions from taxation must be strictly construed both as to the meaning of the statutes granting, and as to the power of the Legislature to enact them"-- Jones vs. Williams, 44 S.W. (2d) 130.

Article 7150 of the Revised Civil Statutes of Texas, 1925, as subsequently amended, enumerates a list of property, which is exempt from taxation. It might possibly be contend-

ed that the Fayette Electric Co-operative, Inc. comes within the exemption contained in Section 4 thereof, which reads in part:

"Public Property--All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof * * *".

It is our opinion that corporations formed under the Electric Cooperative Corporation Act cannot qualify as "political subdivisions" of the State, nor do the purposes for which such corporations may be organized, as enumerated in Section 3 of the Act (quoted above) come within the definition of "public purposes", which Article VIII, Section 2 of the Texas Constitution, lays down as a prerequisite for eligibility for tax exemption.

In the case of Texas Employers' Insurance Association vs. City of Dallas, (Dallas Court of Civil Appeals, 1928, writ of error refused) 5 S.W. (2d) 614, it was contended that The Texas Employers' Insurance Association, which was created by the Legislature as an integral part of the Workmens' Compensation Law, was a governmental agency, and as such, entitled to exemption from taxation by the City of Dallas. The court expressly overruled this contention. We quote from the opinion in that case:

"By creating an insurance bureau, as an agency for the payment of the compensation allowed by the said law, the state did not thereby clothe such agency with governmental functions. Its operating funds are derived from the purely voluntary act of the employers of labor, and not from the public Revenues levied and collected by the impelling power of government.

"Taxes are levied by the state under its sovereign power on the property of the citizen for governmental purposes only, and no part of the money collected by defendant ever becomes public revenue. It is used to discharge the obligations incurred under the insurance policies issued by it, to pay the operating expenses, and if, at the end of any calendar year, there is a surplus beyond that required by the law to be maintained in order to write a non-assessable policy, such surplus is distributed in the form of dividends to the subscribers, who correspond to the stockholders of a private corporation."

The court then referred to the above-quoted provision of Article 7150, Section 4, R.C.S., and said:

"This statute must be construed in the light of the constitutional grant of power, and is and was so construed by our Supreme Court in the case of St. Edwards' College v. Morris, 82 Tex. 1, 17 S.W. 512, in which it is declared that, to bring property within this exemption -- '* * * it is believed that the ownership should be in the state or some of its municipal subdivisions, and it may be that its use would have to be not only under their control but for a purpose for which the state or such municipal subdivisions are authorized to use property held by them for the benefit of the public.' *

We believe that the position of an electric cooperative corporation organized under Article 1528-b R.C.S., is analagous to that of the Insurance Association in the above case, with reference to taxability. We accordingly respectfully advise that we concur in your opinion that the Fayette Electric Co-Operative, Inc. is subject to taxation by the state, county, school districts, etc., in which it owns property.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK-MR

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS